Brady, J.
It appears from the record that William Maden, otherwise known as William Maden and Deacon, was in his lifetime, a capitalist who resided at Cardenas, in the Island of Cuba. He died in August, 1884, and, at the time of his death, there was deposited with Moses Taylor & Co., of this city, the sum of $106,224, which was by him placed in their custody for investment. He left a will appointing the relator, a resident of Cuba as it is understood, his executor, who qualified as such in Cuba and, in order to get possession of the money deposited here and already referred to, took out ancillary letters and thereupon demanded the money from Taylor & Co., who refused to pay it over. In the meantime the respondents in the discharge of what they conceived to be their duty, assessed the relator as executor, for the sum mentioned, as taxable personal property and on his application duly and properly made, refused to cancel the same.
The proceeding which was instituted to review the propriety of the tax imposed upon the relator, is regular in all respects, therefore, the abstract question of such propriety.
The provisions of the Revised Statutes (1 R. S. [marg.], pages 389, 419, sections 3 and 5, Laws of 1851, chapter 176), *472 declare that the agents of moneyed corporations or capitalists shall not be liable to taxation for any moneys in their possession or under their control, transmitted to them for the purpose of investment, and also, that any bond, mortgage, note, contract, account or other demand belonging to any person not being a resident of the state, if sent here for collection or deposited here for the same purpose, shall be exempt from taxation.
. In the case of Williams v. The Board of Supervisors (78 N. Y., 561) these statutes were under consideration and it was said that their provisions were clearly designed to afford to the foreign capitalist who invests his funds here, every conceivable protection. The court said ‘ ‘ His capital cannot be taxed while awaiting investment. If the securities are taken by him out of the state, he may with impunity send them back to an agent here for the collection of principal or interest. And if, instead of being removed from the state, they áre deposited here with an agent for collection, they are equally free. The capital is protected from taxation whether invested or uninvested, also whether the securities are taken away or remain here for collection. ”
“Nothing could be more plain,” said the court, “than the policy and purpose of these exemptions. They are clearly intended to further the trade and commerce of the state, and to encourage and even invite the sending of foreign capital here for investment.”
This unavoidable interpretation of the statutes referred to, their language, object and design being properly understood and carried out, disposes of the propriety of the taxation here complained of. There seems to be no appropriate answer, no presentation of any fact excepting the fund in question from the application of the rule thus pronounced. It is true that the respondents seek to sustain the validity of the tax by asserting that the fund is a demand or obligation due from Moses Taylor & Co., to the estate of which the relator is the executor, and as such is intangible ánd does not require and is not susceptible of physical possession.
.Assuming that to be so, the design of the testator in sending it here has not been changed. It was deposited for the purpose of investment, and for no other purpose, according to the record, there being nothing in the case to indicate that the testator hád changed the purpose or object in view. So far as' anything is disclosed on that subject, it appears that the relator, who was the executor of the depositor, came to this state from Cuba for the purpose of obtaining the necessary legal status to enable him to get possession of the money, and with the intention, in order *473 to carry out the provisions of the will of the depositor, of investing at least $70,000 in bonds of the United States. And, under such circumstances, the observation of the court in Williams v. The Board of Supervisors (supra), and already quoted, is applicable, namely, “his capital cannot be taxed while awaiting investment.”
There can be no doubt, under all the facts and circumstances which control the question before us, that the fund of the taxation of which complaint is made, was sent here for investment, and left for investment, and was taxed while awaiting investment, and upon the erroneous theory that the death of the depositor made a change in its status. There is nothing to' indicate that—on the contrary, the evidence discloses that the intention of the testator was expressed even in his will, of investing a certain portion at least of the fund in United States securities.
Under these circumstances, we entertain no doubt that the fund was within the provisions of the statutes referred to, that the tax was illegal, and that the order appealed from should be reversed and the assessment directed to be cancelled. No costs, however, will be allowed to the appellant.
Davis, P. J., and Daniels, J., concur.